**Billie HENDRICKSON, Plaintiff,**

v.

**Bruce LEIPZIG, M.D., Defendant.**

**No. LR–C–89–236.**

United States District Court, E.D. Arkansas, W.D.

June 13, 1989.

Winslow Drummond, the McMath Law Firm, Little Rock, Ark., for plaintiff.

Phillip Malcolm, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

## ORDER

GEORGE HOWARD, Jr., District Judge.

Pending before this Court is the motion by Baptist Medical System, d/b/a Memorial Hospital to quash the May 3rd notice of deposition subpoena duces tecum served by plaintiff upon William H. Trice, the attorney for the Arkansas State Medical Board, directing him to produce on June 9th all records, documents and other information provided to the Board by Memorial regarding revocation of the medical staff privileges of the defendant. Memorial contends that such information is absolutely privileged by Arkansas statutory provisions and so cannot be discovered or admitted into evidence in a medical malpractice suit like this case. Plaintiff has responded that such disclosure can be ordered by this Court by statutory authority, the Board is ready to respond to the subpoena, and the quashing of the subpoena would deprive her of due process and equal protection of laws. Memorial has filed a reply and the matter is now ready for decision. The Court is persuaded that oral argument would not assist the Court in this determination.

The following statutory provisions are relevant to this decision:

Ark. Code Ann. § 16–46–105. Records of, and testimony before, committees reviewing and evaluating quality of medical or hospital care.

(a) The proceedings, minutes, records, or reports of organized committees of hospital medical staffs or medical review committees of local medical societies having the responsibility for reviewing and evaluating the quality of medical or hospital care, and any records compiled or accumulated by the administrative staff of such hospitals in connection with such reviews or evaluation, together with all communications or reports originating in such committees, shall not be subject to discovery or admissible in any legal pro-

ceeding and shall be absolutely privileged communications. Neither shall testimony as to events occurring during the activities of such committees be admissible.

(b) Nothing in this section shall be construed to prevent disclosure of the data mentioned in subsection (a) to appropriate state or federal regulatory agencies which by statute or regulation are entitled to access to such data, nor to prevent discovery and admissibility if the legal action in which such data is sought is brought by a medical practitioner who has been subjected to censure or disciplinary action by such committee.

(c) Nothing in this section or § 14-265-112 shall be construed to apply to original hospital medical records, incident reports, or other records kept with respect to any patient in the course of business of operating a hospital or to affect the discoverability or admissibility of such records.

Ark. Code Ann. § 17-93-104. Hospital's duty to report physician misconduct.

(a)(1) A hospital licensed by or under the jurisdiction of the State of Arkansas, within sixty (60) days after taking such action as described in this section, shall report in writing to the Arkansas State Medical Board the name of any member of the medical staff or any other physician practicing in the hospital whose hospital privileges have been revoked, limited, or terminated for any cause, including resignation, together with pertinent information relating to the action.

(2) The hospital shall also report any other formal disciplinary action concerning any such physician taken by the hospital upon recommendation of the medical staff relating to professional ethics, medical incompetence, moral turpitude, or drug or alcohol abuse.

(b) The filing of a report with the board pursuant to this section, investigation by the board, or any disposition by the board shall not, in and of itself, preclude any action by a hospital or other health care facility or professional society comprised primarily of physicians to suspend, restrict, or revoke the privileges or membership of such physician.

(c) No hospital or employee of a hospital reporting to the Arkansas State Medical Board as provided by this section shall be liable in damages to any person for slander, libel, defamation of character, or otherwise because of the report.

(d) Any reports, information, or records received and maintained by the board pursuant to this section, including any such material received or developed by the board during any investigation or hearing, shall be strictly confidential. The board may only disclose any such confidential information:

(1) In a disciplinary hearing before the board or in any subsequent trial or appeal of a board action or order;

(2) To physician licensing or disciplinary authorities of other jurisdictions or to hospital committees located within or outside this state which are concerned with granting, limiting, or denying a physician's hospital privileges. The board shall include along with any such disclosure an indication as to whether or not the information has been substantiated; or

3. Pursuant to an order of a court of competent jurisdiction.

Ark. Code Ann. § 20-9-503. Proceeding and records confidential—Exception.

(a) The proceedings and records of a peer review committee, as defined in § 20-9-501, shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are subject to evaluation and review by the committee. No person who was in attendance at a meeting of the committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of the committee or as to any findings, recommendations, evaluations, opinion, or other actions of the committee or any members thereof.

(b) However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such action merely because they were

presented during the proceedings of the committee; nor shall any person who testifies before the committee or who is a member of the committee be prevented from testifying as to matters within his knowledge, but the witness shall not be asked about his testimony before the committee or about opinions formed by him as a result of the committee hearings.

Plaintiff argues that Ark.Code Ann. § 17–93–104(d)(3) which permits disclosure of confidential information by the Board pursuant to court order is controlling and authorizes this Court to direct such discovery. She contends that while the peer review or other hospital committee proceedings may be privileged, there are exceptions such as disclosure to regulatory agencies or in legal action brought by the medical practitioner who was subjected to the censure of disciplinary action by the committee. She further asserts that once the hospital has reported the physician's misconduct to the Board, then disclosure is only governed by Ark.Code Ann. § 17–93–104 which permits disclosure by court order. Plaintiff states that she would welcome a protective order and proposes that the deponent submit the documents to the Court under seal so the Court can determine what is discoverable and that the order provide that such materials deemed discoverable not be disclosed without express permission of this Court in this or any other proceedings.

The Court must reject plaintiff's argument. The Arkansas legislature has enacted two statutes which specifically prohibit discovery or the admission of the proceedings and records of review committees with only exceptions regarding regulatory agencies entitled by statute or regulation to access and in legal actions brought by the person subjected to the committee's action. It is error to admit such evidence. *HCA Health Servs. of Midwest, Inc. v. National Bank of Commerce*, 294 Ark. 525, 745 S.W.2d 120 (1988). Thus, Arkansas has clearly expressed its policy that such information is confidential and can only be disclosed under narrow exceptions. In the case of physician misconduct, the hospital is required to report such information to the Board. This statutory provision makes clear that the information is strictly confidential and can only be disclosed in proceedings before the Board or subsequent trial or appeal of the Board's action and to other physician licensing and disciplinary bodies concerned with a physician's hospital privileges. The third exception, and the one relied upon by plaintiff, is disclosure pursuant to court order. To accept plaintiff's interpretation that this provision now authorizes discovery in separate malpractice actions, would be to take this provision out of context and ignore the policy of confidentiality that is firmly established. The only exceptions announced are narrowly defined as related to the regulatory agencies and bodies, further disciplinary proceedings, and in legal actions brought by the targeted person. To then construe authorization by court order to mean wholesale discovery in malpractice actions without any limitations, although here plaintiff is willing for court-imposed restrictions, would render the statutory scheme of confidentiality a nullity.

Accordingly, the May 16th motion by Memorial to quash deposition subpoena duces tecum for William Trice is hereby granted.

IT IS SO ORDERED.